United States District Court
Southern District of Texas

**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SAVIO FERNANDES, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:26-cv-05673 |
| § | |
| SANDRA HEATHMAN, *et al.*, § | |
| § | |
| Respondents. § | |
| § | |

**ORDER**

Before the Court is Petitioner Savio Fernandes's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Per Respondents, Petitioner is a citizen of India who entered the United States on a B2 tourist visa on May 20, 2017. Petitioner overstayed his visa, and removal proceedings were initiated. On February 2, 2026, Respondents took Petitioner into custody under 8 U.S.C. § 1226(a) discretionary detention. On February 19, 2026, and an Immigration Judge ("IJ") granted bond. Petitioner was released on bond on February 20, 2026. On June 26, 2026, Petitioner was ordered removed; pursuant to that removal order, Petitioner was re-detained on July 1, 2026. On July 6, 2026, the removal order was vacated, and an IJ granted Petitioner's Motion to Reopen. A hearing before an IJ is set for September 8, 2026. Therefore, there is no final removal order against

1 / 4

Petitioner, and removal proceedings are ongoing. Respondents' position is that Petitioner is subject to discretionary detention under § 1226(a).

## II.    ANALYSIS

Petitioner argues that his continued re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address his other claims.

The basis for Petitioner's re-detention was the issuance of a removal order. That removal order has since been vacated, and Petitioner's removal proceedings have been reopened. Therefore, the basis for re-detention no longer exists, and Petitioner must be released. An IJ previously determined in February that Petitioner is not a flight risk or danger to the community; that order of release on bond is now back in effect, since the June 26 removal order is no longer operative.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6.

This case is different because there was a changed factual circumstance at the time of Petitioner's re-detention—namely, the removal order. However, that removal order has been vacated. The factual circumstances are returned to those prior to the issuance of the removal order. Due process requires that Petitioner be returned to the position he was in prior to June 26. The

2 / 4

Court therefore concludes that Petitioner's continued re-detention violates his Fifth Amendment right to procedural due process.

### III.    RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **<u>within 48 hours</u>**, pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **<u>no less than three hours</u>** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before August 3, 2026</u>**, informing the Court of the status of Petitioner's release.

3 / 4

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on July 29, 2026.

Keith P. Ellison
United States District Judge